UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COLLEEN MURPHY                                                    CIVIL ACTION

VERSUS                                                            NUMBER: 14-1110

CAROLYN W. COLVIN,                                                SECTION: "R"(5)
ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION


**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(B), this matter comes before the Court on the parties' cross-motions for summary judgment following a decision of the Commissioner of the Social Security Administration denying Plaintiff's application for Disability Insurance Benefits ("DIB"). (Rec. docs. 20, 25).

Colleen Murphy, Plaintiff herein, filed the subject application for DIB on December 18, 2012, with a protective filing date of August 13, 2012, alleging disability as of May 31, 2011. (Tr. pp. 215-216, 230).[1] In a Disability Report that appears in the administrative record below, the conditions that limited Plaintiff's ability to work were identified as diabetes, bipolar disorder with suicidal obsession, cystitis, a birth defect in the right hip, and aggressive stage 1 breast cancer on the right. (Tr. p. 233). Plaintiff's application for DIB was denied at the initial level of the Commissioner's administrative review process on December 17, 2012. (Tr. pp. 124-126). Pursuant to Plaintiff's request, hearings *de novo* before two different Administrative Law Judges ("ALJ") went forward on March 14 and May 30, 2013, at which Plaintiff (who was represented by counsel), two Vocational Experts ("VE"), and a Medical Expert ("ME") appeared and testified. (Tr. pp. 71-101, 28-70). On

---

[1] At the first of the two administrative hearings that was held in this case, Plaintiff amended the alleged disability onset date to January 12, 2012. (Tr. p. 74).

July 23, 2013, the second of the two ALJ's issued a written decision in which he concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. pp. 8-26). The Appeals Council ("AC") subsequently denied Plaintiff's request for review of the ALJ's decision on March 18, 2014, thus making the ALJ's decision the final decision of the Commissioner. (Tr. pp. 1-7). It is from that unfavorable decision that the Plaintiff seeks judicial review pursuant to 42 U.S.C. §405(g).

In her cross-motion for summary judgment, Plaintiff frames the issues for judicial review as follows:

> A. Whether the New and Material Evidence Submitted to the Appeals Council Warrants Remand.
>
> B. Whether the ALJ Properly Evaluated Plaintiff's Credibility.

(Rec. doc. 20-1, p. 3).

Relevant to the resolution of the foregoing issues are the following findings that were made by the ALJ:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
>
> 2. The claimant has not engaged in substantial gainful activity since January 12, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: Adjustment Disorder and intermittent substance abuse; history of drug and alcohol abuse; osteoarthritis of the right hip, status-post right total hip replacement; history of breast carcinoma with bilateral partial mastectomy and radiation therapy; borderline personality traits (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically

        equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: lift and carry 10 pounds frequently, 20 pounds occasionally, stand and walk for 6 hours and to sit for 6 hours out of an 8-hour day; no climbing ladders/ropes/scaffolds; limited to remembering, understanding and performing simple/routine/repetitive tasks; no interaction with the general public; occasional interaction with co-workers and supervisors; limited to low stress jobs, defined as requiring only occasional decision making and occasional changes in work setting; no production rate or pace work.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on May 2, 1962 and was 49 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).[2/]

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

---

[2/] Although it has no bearing on the outcome of this case, the Regulations actually define an individual under the age of 50 as a "younger person." 20 C.F.R. §404.1563(c).

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from January 12, 2012, through the date of this decision (20 CFR 404.1520(g)).

(Tr. pp. 13, 14, 15, 19, 20).

Judicial review of the Commissioner's decision to deny DIB is limited under 42 U.S.C. §405(g) to two inquiries: (1) whether substantial evidence of record supports the Commissioner's decision, and (2) whether the decision comports with relevant legal standards. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987). If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. 42 U.S.C. §405(g); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420 (1971). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). The Court may not reweigh the evidence or try the issues *de novo*, nor may it substitute its judgment for that of the Commissioner. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

A claimant seeking DIB bears the burden of proving that she is disabled within the meaning of the Social Security Act. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which…has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). Once the claimant carries her initial burden, the Commissioner then bears the burden of establishing that the claimant is capable of performing substantial gainful activity and is, therefore, not disabled. *Harrell*, 862 F.2d at 475. In making this determination, the Commissioner uses the five-step sequential analysis set forth in 20 C.F.R. §404.1520, as follows:

1. an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings;

2. an individual who does not have a "severe impairment" will not be found to be disabled;

3. an individual who meets or equals a listed impairment in Appendix 1 of the Regulations will be considered disabled without consideration of vocational factors;

4. if an individual is capable of performing the work that she has done in the past, a finding of "not disabled" must be made;

5. if an individual's impairment precludes her from performing her past work, other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed.

On the first four steps of the analysis, the claimant bears the initial burden of proving that she is disabled and must ultimately demonstrate that she is unable to perform the work that she has done in the past. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 2294 n. 5 (1987). If the analysis reaches the fifth step, the ALJ may establish that other work is available that the claimant can perform by relying on expert vocational testimony or other similar evidence to establish that such jobs exist. *Fraga*, 810 F.2d at 1304 (citing *Lawler v. Heckler*, 761 F.2d 195, 198 (5th Cir. 1985)). Once the Commissioner

demonstrates that the individual can perform other work, the burden then shifts back to the claimant to rebut that finding. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988); *Fraga*, 810 F.2d at 1302.

Citing *Higginbotham v. Barnhart*, 405 F.3d 332 (5th Cir. 2005), Plaintiff frames her first challenge to the Commissioner's decision as whether new and material evidence that was submitted to the AC warrants a remand, as the evidence purportedly establishes that her condition satisfied the requirements of Section 12.04 of the Listing of Impairments. Some procedural history is needed to better place this challenge in a proper posture for resolution.

As noted earlier, the second of the two administrative hearings that was held in this case went forward on May 30, 2013. (Tr. pp. 28-70). On July 23, 2013, almost two months later, the ALJ issued his unfavorable written decision. (Tr. pp. 8-26). On October 4, 2013, Dr. Julie A. Ceasar, one of Plaintiff's treating physicians, completed a form that had been provided to her by Plaintiff's counsel denominated "Medical Source Statement of Ability to do Work-Related Activities (Mental)." (Rec. doc. 20-2, pp. 32-33). That form contained a series of questions, some of which were answerable by way of a "check-the-box" format and others that asked for a more narrative answer. (*Id.*). There, Dr. Ceasar checked off the appropriate boxes on the form to indicate that Plaintiff had marked restrictions in the ability to carry out short, simple instructions; to understand and remember detailed instructions; and to carry out detailed instructions and had moderate restrictions in the ability to understand and remember short, simple instructions and to make judgments on simple work-related decisions. (*Id.*). The "medical/clinical finding(s)" supporting those restrictions were identified as Plaintiff having displayed poor focus, being easily

distractable, and having poor concentration. (*Id.*). Dr. Ceasar checked off additional boxes on the form to indicate that Plaintiff had marked restrictions in the ability to interact appropriately with the public, supervisor(s), and co-workers and to respond appropriately to work pressures in a usual work setting and to changes in a routine work setting. (*Id.*). As support for that assessment, the doctor wrote that Plaintiff had been frequently suicidal, made suicidal gestures, was very emotionally isolated, and had poor frustration tolerance and coping skills. (*Id.*). Dr. Ceasar further noted that Plaintiff's substance abuse was in remission but she was unsure if Plaintiff could manage any benefits that may be awarded in her own best interest. (*Id.*). Accompanied by a cover letter of that same date, Plaintiff's counsel forwarded a copy of Dr. Ceasar's medical source statement, via facsimile, to the AC on October 4 or 8, 2013. (Rec. doc. 20-2, pp. 31, 35, 36).

On March 18, 2014, the AC issued notice denying Plaintiff's request for review of the ALJ's decision, identifying four pieces of documentary evidence that it had considered that were filed in the administrative record as exhibits 11E, 12E, 27F, and 28F. (Tr. pp. 1-7). The notice further stated, in pertinent part, as follows:

> [w]e also looked at records dated August 6, 2013 to August 13, 2013 from Jefferson Psychiatric Associates and a medical source statement dated October 4, 2013 from Julie A. Ceasar, M.D. The Administrative Law Judge decided your case through July 23, 2013. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before July 23, 2013.
>
> If you want us to consider whether you were disabled after July 23, 2013, you need to apply again. The new information you submitted is available in your electronic file for you to use in your new claim. If you need a paper copy of this evidence, you should:
>
> - Contact us at the address noted at the top of this letter; or

> - Contact your local field office at the address at the bottom of this letter when you file a new claim.
>
> If you file a new claim for disability insurance benefits within 6 months after you receive this letter, we can use September 19, 2013, the date of your request for review, as the date of your new claim.  The date you file a claim can make a difference in the amount of benefits we can pay.
>
> You have the right to file a new application at any time, but filing a new application is not the same as appealing our action.  If you disagree with our action and file a new application instead of appealing, you might lose some benefits or not qualify for any benefits.  So, if you disagree with our action, you should file an appeal within 60 days.
>
> (Tr. p. 2)(emphasis added).

The notice then went on to advise Plaintiff that the proper mechanism for challenging the action of the AC was to seek judicial review which Plaintiff did by initiating this lawsuit on May 15, 2014.  (Rec. doc. 2).

Consistent with the notice that had been provided to Plaintiff by the AC, 20 C.F.R. §404.976(b)(1) prescribes the following procedures for review proceedings pending before that tribunal:

> [t]he Appeals Council will consider all the evidence in the administrative law judge hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision.  If you submit evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to you with an explanation as to why it did not accept the additional evidence and will advise you of your right to file a new application.  The notice returning the evidence to you will also advise you that if you file a new application within 6 months after the date of the Appeals Council's notice, your request for review will constitute a written statement indicating an intent to claim benefits in accordance with §404.630.  If a new application is filed within

8

>
> 6 months of this notice, the date of the request for review will
> be used as the filing date for your application.

Plaintiff now moves for a remand of her case to the Commissioner, arguing that the October 4, 2013 medical source statement from Dr. Ceasar establishes that she was disabled under Section 12.04 of the Listing of Impairments.  In addressing Plaintiff's first challenge, the Court initially notes that the medical source statement was technically not "new" *vis-à-vis* the AC because it was actually reviewed by that tribunal.  The Court also notes that Plaintiff made no argument to the ALJ that her condition satisfied the criteria of Section 12.04 of the Listing of Impairments or any other section, for that matter.  (Tr. p. 14).  Be that as it may, Plaintiff's reliance on *Higginbotham*, *supra*, provides little support for the remand that she seeks.  In that case, the Fifth Circuit remanded a Social Security case to the district court because the district court had declined to consider additional evidence that had not been presented to the ALJ but had been submitted for the first time to the AC.  *Higginbotham*, 405 F.3d at 334-35.  The standards governing the consideration of additional evidence by the AC and a district court are similar in that they both require that the evidence be new as well as material.  *Thomas v. Colvin*, 587 Fed.Appx. 162, 165 (5th Cir. 2014)(citing 20 C.F.R. §404.967(b)(1) and *Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987)).  Material evidence is that which creates ". . . a reasonable possibility that it would have changed the outcome of the [Commissioner's] decision."  *Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987).  Implicit within the materiality requirement is a temporal element that the evidence ". . . relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition."  *Id.*  The new evidence must thus relate to the time period on or before the date of the ALJ's hearing decision.  *Martinez v.*

*Astrue*, 252 Fed.Appx. 585, 587 (5th Cir. 2007)(citing 20 C.F.R. §404.976(b)). After a Social Security case reaches the district court level, it may be remanded for consideration of additional evidence only if the evidence is new and material <u>and</u> if there is a good cause for the claimant's failure to incorporate the evidence into the record of a prior proceeding. *Id.* (citing 42 U.S.C. §405(g) and *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989)). "The mere fact that a medical report is of recent origin is not enough to meet the good cause requirement." *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989). To provide the good cause necessary to justify a remand, a claimant must proffer a proper explanation for why the additional evidence was not submitted earlier. *Id.* (citing *Geyen v. Sec. of Health and Human Services*, 850 F.2d 263, 264 (5th Cir. 1988)).

Citing page 13 of the administrative record, Plaintiff argues that good cause sufficient to warrant a remand has been established ". . . because it was not until the ALJ issued his unfavorable decision that it was apparent the ALJ was contributing Plaintiff's mental impairment to an intermittent substance abuse disorder. (Tr. 13)." (Rec. doc. 20-1, p. 5). The statement appearing on page 13 that most closely embraces that purported new revelation is the ALJ's finding, made at step three of the §404.1520 sequential analysis, that Plaintiff suffered from severe impairments which included an "[a]djustment [d]isorder and intermittent substance abuse." (Tr. p. 13). As the Defendant points out, however, Plaintiff's history of mental health issues and substance abuse is nothing new, as on May 10, 2012, Dr. Ceasar diagnosed her as suffering from bipolar disorder with a recent episode of depression and substance abuse. (Tr. pp. 475-477). By July 30, 2012, the assessment remained bipolar disorder with recent depression, but Plaintiff's alcohol abuse was reported to be in remission. (Tr. p. 478). In spite of those conditions, on neither of these

two occasions did Dr. Ceasar opine that Plaintiff was functionally limited in the performance of daily or work-related activities. *Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995); *Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1989). Three days later, another healthcare provider at Jefferson Psychiatric Associates, presumably a nurse, remarked that Plaintiff "seemed fine" when she was last seen by Dr. Ceasar. (*Id.*). To that extent, the information in the doctor's medical source statement, which the Court notes was unaccompanied by any contemporaneously-recorded, medically acceptable findings and is thus entitled to diminished weight on that basis alone,[3] at best portrays a subsequent deterioration of a condition that was previously found by the ALJ to be non-disabling. *See Shave v. Apfel*, 238 F.3d 592, 597 (5th Cir. 2001)(records containing earlier diagnoses but imposing further limitations without providing any objective medical support are of limited probative value). Plaintiff has failed to establish good cause why the medical source statement could not have been obtained sooner.

It also bears noting that the ALJ was well aware of Plaintiff's history of suicidal ideations, attempts, and hospitalizations therefor, all of which pre-dated the alleged disability onset date except one. (Tr. pp. 17-19). Accordingly, Dr. Ceasar's medical source statement is not material and fails to warrant a remand as there is no reasonable possibility that the result of the proceedings would have been different had it been considered by the ALJ.

Plaintiff's second challenge to the Commissioner's decision is that the ALJ erred by failing to properly evaluate her credibility. More specifically, Plaintiff complains that the

---

[3] *Warncke v. Harris*, 619 F.2d 412, 417 (5th Cir. 1980).

ALJ recited mere boilerplate language in judging her credibility and otherwise failed to comply with Social Security Ruling ("SSR") 96-7p.

The law is clear that an ALJ must consider a claimant's subjective complaints of pain and other limitations. *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981). However, it is within the ALJ's discretion to determine their debilitating nature. *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987). The burden is upon the plaintiff to produce objective medical evidence of a condition that could reasonably be expected to produce the level of pain or other symptoms complained of. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990); *Harper v. Sullivan*, 887 F.2d 92, 96 (5th Cir. 1989). The ALJ must then weigh the plaintiff's subjective testimony against the objective medical evidence that has been produced. *Chaparro*, 815 F.2d at 1010 (citing *Jones*, 702 F.2d at 621 n. 4). An ALJ may discredit a plaintiff's subjective complaints of pain and other limitations if he carefully weighs the objective evidence and articulates his reasons for doing so. *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989)(citing *Abshire v. Bowen*, 848 F.2d 638, 642 (5th Cir. 1988)). It must be remembered that the evaluation of a plaintiff's subjective complaints is a task particularly within the province of the ALJ, for it was the ALJ who had an opportunity to observe the plaintiff, not the reviewing Court. *Harrell*, 862 F.2d at 480. In the final analysis, the responsibility of weighing the evidence and determining the credibility of witnesses' testimony and doctors' opinions lies with the ALJ in the first instance. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991); *Greigo v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991); *Wren v. Sullivan*, 925 F.2d 123, 129 (5th Cir. 1991); *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990).

Pursuant to 20 C.F.R. §404.1529(c)(1) and SSR 96-7p, in assessing a claimant's credibility, an ALJ must first determine whether the objective medical evidence shows that the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms complained of, such as pain. SSR 96-7p, 1996 WL 374186 at *2; *Herrera v. Comm. of Soc. Sec.*, 406 Fed.Appx. 899, 905 (5th Cir. 2010). If so, the ALJ must then evaluate the intensity and persistence of the symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. *Id*. If the claimant's symptoms are not substantiated by objective medical evidence, the ALJ must consider all of the evidence of record, including any statements by the claimant concerning her symptoms, and then make a finding on the credibility of the claimant's statements relative to the symptoms and their functional effects. *Herrera*, 406 Fed.Appx. at 905. While an ALJ must consider subjective evidence relating to pain and other symptomology, it is within his discretion to determine their disabling nature. *Id*. (quoting *Wren*, 925 F.2d at 128). "Although an ALJ 'is bound . . . to explain his [or her] reasons for rejecting a claimant's complaints of pain,' he is not required to 'follow formalistic rules in his articulation.'" *Id*. (quoting *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994)). It is not sufficient for an ALJ to make a single conclusory statement that the individual's allegations have been considered, that the allegations are or are not credible, or to simply recite the factors that are described in the Regulations for evaluating symptoms; rather, the ALJ's decision must contain specific reasons for the finding on credibility, supported by evidence of record, that are sufficiently specific to make clear the weight that the ALJ gave to the claimant's subjective complaints and the reasons therefor. SSR 96-7p, 1996 WL 374186 at *2.

A review of the ALJ's written decision in this case readily reveals that he properly weighed Plaintiff's hearing testimony and subjective complaints against the objective evidence of record in arriving at her residual functional capacity ("RFC") to work, specifically citing §404.1529 and SSR 96-7p as well as the two-step analysis discussed above. (Tr. p. 15). After carefully summarizing Plaintiff's hearing testimony, the ALJ set forth the ultimate credibility determination entrusted to him by the Regulations – whether Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged by Plaintiff and the extent to which her testimony and subjective complaints concerning the intensity, persistence, and limiting effects of those symptoms was credible – before launching into a methodical discussion of the objective medical evidence against which Plaintiff's subjective complaints had been weighed, citing numerous valid considerations for reaching the conclusion that he did. As respects Plaintiff's hip replacement, the ALJ noted that there were only minimal post-surgical records pertaining to that condition and none of those specifically evidenced an inability to ambulate effectively. (Tr. p. 16). The absence of treatment or any significant findings may properly be considered by an ALJ in adjudicating a claimant's disability status. *Clayborne v. Astrue*, 260 Fed.Appx. 735, 737 (5th Cir. 2008); *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987). Notwithstanding the lack of objective support for the exertional limitations Plaintiff had testified to, the ALJ gave her the benefit of the doubt and modified the RFC assessment accordingly. (Tr. p. 16).

After briefly touching upon Plaintiff's history of breast cancer and the lack of any ongoing complaints or treatment for that condition, the ALJ turned to the medical evidence pertaining to Plaintiff's history of mental illness and substance and alcohol abuse. (Tr. pp.

14

17-19). To facilitate in making a considered and well-informed decision on that evidence, the ALJ had called upon the services of Dr. Chukwuemeka Efobi, a board-certified psychiatrist, to review Plaintiff's medical records and to offer an expert opinion on the extent to which her non-exertional impairments limited her ability to work. Notably, the ALJ observed that all of Plaintiff's inpatient admissions save one had preceded the alleged disability onset date and that she had been able to work as a manager at a Lowe's store over the years in spite of her impairment, another valid consideration in adjudicating a claimant's application for Social Security benefits. *Vaughan*, 58 F.3d at 131. The ALJ further observed that the one inpatient admission that had occurred during the relevant time period was precipitated by admittedly significant but isolated events like the death of her husband and was also the result of non-compliance with prescribed medication, another proper consideration. *Villa*, 895 F.2d at 1024.

Finally, in assigning Plaintiff's subjective complaints the weight that he did, the ALJ noted that she was able to live alone and to perform the various daily activities that she admitted that she was capable of in the Function Report that she had completed. (Tr. pp. 18-19). An ALJ may properly consider such reports in determining a claimant's disability status, *Vaughan*, 58 F.3d at 131, and Plaintiff's ability to engage in those activities is not indicative of someone who is precluded from performing all work activities. *Leggett*, 67 F.3d at 565 n. 12; *Anderson v. Bowen*, 887 F.2d 630, 632 (5th Cir. 1989); *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Essentially, the ALJ gave Plaintiff's subjective complaints diminished weight because they were simply unsupported by objective evidence as the law requires. That satisfies his duty here. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994); *Augustine v. Barnhart*, No. 01-CV-2685, 2002 WL 927797 at *4 (E.D. La. May

7, 2002); *Collins v. Callahan*, No. 96-CV-3546, 1998 WL 118082 at *3-4 (E.D. La. March 17, 1998).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary judgment be granted, and that Plaintiff's suit be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this  26th  day of         June         , 2015.

                                      MICHAEL B. NORTH
                                UNITED STATES MAGISTRATE JUDGE